29.055-04
WRIT NO. W92-25557-H(D)

EXPARTE

MARVIN D. BROWN

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 23 2015

Abel Acosta, Clerk

§ IN THE CRIMINAL

§ DISTRICT COURT NO.1

§ DALLAS COUNTY, TEXAS

§

OBJECTION TO STATE'S
RESPONSE TO HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now Marvin D. Brown as Pro-se and will show this Court the following:

## I.

## STATEMENT OF FACTS

Applicant filed his habeas Corpus in Dallas County District Court. The state alleged applicant has filed four applications for writ of Habeas Corpus in this case. Records reflects that applicant filed these applications Pursuant to his Criminal conviction. Now applicant seeks relief through habeas corpus on his Parole. Applicant has never challenge Parole in any Previously filed application. See: Tex. Gov't Code 501.0081(a) Application of habeas Corpus is a Proper avenue for challensing Parole.

## ARGUMENT & AUTHORITY

The respondents claim's that applicant is barred by Section (4) Art. 11.07. Not true applicant is challensing his Parole. See: EXPARTE WHITESIDE 12 S.W. 3d 819 (Tex. Crim. APP. 2000) If the initial application does not challenge the conviction a subsequent application Pertaining to his Parole is not barred. See: EXPARTE EVANS 964 S.W.2d 643 (Tex. Crim. APP. 1998

1.

Thus, although the claim is cognizable under Article 11.07 § 1 it is not a challenge to the conviction under Art. 11.07 § (4) because it does not call into question the validity of the prosecution or judgement of guilt.

Both definition of conviction and this court's case law regarding writ applications lead us to the conclusion that procedural bar of § (4) is limited to instances in which the initial application raises claims regarding the validity of the prosecution or the judgement of guilt. It does not apply to claims regarding other matters, such as parole. As a result, this application is not barred by section § (4) because applicants prior application did not involve a claim which challenges the conviction within the meaning of Article 11.07, § 4.


## CONCLUSION

Applicant 11.07 (3) is being Denied on Section (4) 11.07, in which the state has failed, to address the merits of applicant's claims. And the trial court is aware that applicant has never challenge parole in any habeas corpus proceedings. So therefore this case must be reversed back to the trial court for a hearing on the merits. Because the trial court's free ride on Section 11.07 § 4 has failed in this regards.

Copy/ to the Criminal court
of Appeals was mailed on
March 18. 2015

Respectfully, Submitted

Marvin A. Brown

Marvin A. Brown #615873
O.B. Ellis Unit
1697 FM 980
Huntsville, Texas 77343